Appeal from an order of the Supreme Court, Madison County, denying an application under article 78 of the Civil Practice Act in the nature of mandamus. A decision and award were made and filed *920 by the Workmen’s Compensation Board . against appellant and in favor of respondent Osman, July 2, 1947. Notice was sent out “ immediately ” to appellant, but was not sent to a corporate representative of appellant. The appellant contends it did not receive a copy until August 4th because its plant had been closed until that day by a strike. A notice of appeal to this court was served by appellant August 15th. It was returned by the board and by claimant on the ground it was not served in time. Appellant then made a motion in this court, at the November, 1947, Term to compel the acceptance of the notice of appeal. The motion was denied. Appellant applied at the January, 1948, Term for leave to appeal to the Court of Appeals, which application also was denied. The timeliness of the notice of decision and award; the place to which it was directed; and the reason it did not come to appellant’s attention until August 4th were questions raised on the motion to compel acceptance of the notice of appeal. This application which the Special Term has denied is to compel the board to file its findings of fact and rulings of law in pursuance of the direction of section 23 of the Workmen’s Compensation Law. The duty of the board to file such findings and rulings of law exists however, only where an appeal has been taken. That an appeal had not been taken is the necessary effect of the denial by this court of appellant’s previous application to require acceptance of the notice of appeal, and we do not regard the reasons supporting the validity of the appeal there considered to be open upon this application. The only admissible result of the previous order was that it determined the appeal had not been properly taken. Order unanimously affirmed, with $10 costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.